UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. 3:25-CV-5659-BHS-DWC

ORDER DECLINING TO VOLUNTARILY RECUSE

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner moves for the undersigned to recuse himself from this case. Dkt. 34. After review of Petitioner's Motion (Dkt. 34) and the relevant record, the undersigned declines to recuse himself and refers the Motion and this Order to Chief Judge Estudillo pursuant to Local Civil Rule ("LCR") 3(f).

**I.    Discussion**

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

1    First, Petitioner requests recusal because the undersigned stated Petitioner could file a
2 motion for reconsideration. Dkt. 34. Petitioner states this shows the undersigned's predisposition
3 for dismissing this case. *Id*. The Court granted extensions of time for Respondent to answer.
4 Dkts. 15, 31. To ensure Petitioner's case proceeded efficiently, the Court did not wait for a
5 response from Petitioner to grant the motions. However, the Court informed Petitioner he could
6 move for reconsideration of the Court's decision on the motions for extension, not the case. *See*
7 Dkts. 15, 31. Thus, the Court's rulings do not show a predisposition for dismissing this case.

8    Second, Petitioner requests recusal because the undersigned has denied his request for
9 discovery and did not rule in Petitioner's favor in a separate case. Dkt. 34. The undersigned
10 makes rulings in each case based upon the issues presented by the parties or upon *sua sponte*
11 review by the Court and has no personal bias or reason to be partial to one side or the other in
12 this matter. Further, a habeas petitioner does not enjoy the presumptive entitlement to discovery
13 of a traditional civil litigant. *Bracy v. Gramley,* 520 U.S. 899, 903–05, 117 S.Ct. 1793, 1796–97,
14 138 L.Ed.2d 97 (1997). "Rather, discovery is available only in the discretion of the court and for
15 good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). The Court has not
16 found Petitioner has shown good cause to engage in discovery at this early stage in the case.

17    Petitioner disagrees with the Court's rulings, but Petitioner has not shown a reasonable
18 person could question this Court's impartiality. Accordingly, the undersigned will not recuse
19 himself voluntarily from this case.

20    **II.    Conclusion**

21    Based on the foregoing reasons, this Court finds there is no reasonable basis for a
22 voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself

ORDER DECLINING TO VOLUNTARILY
RECUSE - 3

voluntarily. The Clerk is directed to refer Petitioner's Motion (Dkt. 34) to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

To ensure Chief Judge Estudillo has adequate time to consider the Motion, the Court directs the Clerk's Office to re-note the Motion to Compel (Dkt. 20), the Motion for Appointment of Counsel (Dkt. 33), and the Response to the Petition (Dkt. 37) to February 13, 2026. The Court will not accept any additional briefing related to the motion to compel and motion for counsel.

The Clerk is also directed to send a copy of this Order to Petitioner, to the Honorable David G. Estudillo, and to the Honorable Benjamin H. Settle.

Dated this 14th day of January, 2026.

David W. Christel
United States Magistrate Judge