UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

                  Petitioner,

    v.

STATE OF WASHINGTON,

                  Respondent.

CASE NO. 3:25-CV-5659-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 24, 2026

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Ryan Scott Admas, who is proceeding *pro se*, filed this federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkts. 1, 10. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

**I.    Background**

On February 22, 2019, Petitioner was found guilty of one count of murder in the second degree with a deadly weapon enhancement. Dkt. 38-4 at 37. Petitioner challenged his conviction and judgment on direct appeal. Dkt. 38-1 (Exhibits 1-3). The Court of Appeals of the State of

REPORT AND RECOMMENDATION - 1

Washington ("state court of appeals") determined the trial court erroneously increased Petitioner's offender score and remanded for resentencing. *Id*. at 92-105 (Exhibit 4). Petitioner filed a petition for review with the Washington State Supreme Court ("state supreme court") and, on September 1, 2021, the state supreme court denied review. *See id*. at 107-47 (Exhibits 5, 6). The record does not show Petitioner filed a petition for writ of certiorari with the United States Supreme Court. *See* Dkt. 37. The state court of appeals entered the mandate on September 13, 2021. Dkt. 38-1 at 149 (Exhibit 7). On February 25, 2022, Petitioner was re-sentenced to a term of 240 months in-custody. Dkt. 38-4 at 37. The record does not show Petitioner appealed his re-sentencing.

Petitioner filed applications for a state collateral attack, personal restraint petitions ("PRP"), beginning on September 27, 2024. Dkt. 38-2 at 2 (Exhibit 10). The state court of appeals dismissed the PRPs on February 21, 2025 and March 5, 2025. Dkt. 38-4 at 71-77 (Exhibits 19, 20). The state supreme court denied review on May 2, 2025. Dkt. 38-5 at 60 (Exhibit 23). The state court of appeals issued the certificate of finality on July 2, 2025. *Id*. at 62 (Exhibit 24).

On July 24, 2025, Petitioner initiated the above-captioned case. Dkt. 1. On January 13, 2026, Respondent filed an Answer and Memorandum of Authorities and portions of the state court record. Dkts. 37, 38. Respondent asserts the Petition was filed after the limitations period expired and is, therefore, time-barred and should be dismissed with prejudice. Dkt. 37. Petitioner filed a traverse and supplemental traverse. Dkts. 41, 43. Respondent did not file a reply.

REPORT AND RECOMMENDATION - 2

## II.      Discussion

### A.  *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

A direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, if a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a notice of appeal, the judgment becomes final at the end of the thirty-day period, as it marks the expiration of the time for seeking direct review pursuant to § 2244(d)(1)(A).

Here, Respondent asserts Petitioner's judgment became final on December 1, 2021. Dkt. 37 at 8. The record indicates Petitioner was sentenced in 2019 to 264 months confinement; however, in 2021, the state court of appeals remanded the matter for resentencing due to an offender score miscalculation. *See* Dkt. 38-4 at 49 (references judgment and sentence from

REPORT AND RECOMMENDATION - 3

March 28, 2019); Dkt. 38-1 at 92-105 (Exhibit 4). The state court resentenced Petitioner on February 25, 2022. Dkt. 38-4 at 41. At resentencing, Petitioner was sentenced to 240 months confinement. *Id*. The record does not contain the 2019 judgment and sentence.

"[T]he judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (applying the principles of *Magwood v. Patterson*, 561 U.S. 320 (2010) to statute of limitations). A new, intervening judgment starts a "new one-year statute of limitations." *Id*. at 688. Here, Respondent has not provided sufficient evidence to show the 2022 was not an intervening judgment. Therefore, the Court will calculate the statute of limitations based on the 2022 resentencing date.

The record does not indicate Petitioner filed a direct appeal after he was resentenced in February 2022, *see* Dkts. 37, 38, making his state conviction final on March 28, 2022,[1] the date the time for filing a notice of appeal expired. The AEDPA limitations period began running the next day and expired one year later, on March 29, 2023. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Petitioner did not file this federal Petition until July 24, 2025, which was approximately two years and three months after the limitations period expired. While Petitioner filed a PRP related to the underlying judgment and sentence on September 27, 2024, this was after the expiration of the one-year period and, therefore, the PRP did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. App'x. 693 (9th Cir. 2011) (finding the

---

[1] The 30-day period expired on Sunday, March 27, 2022, giving Petitioner until Monday, March 28, 2022 to file his notice of direct appeal.

REPORT AND RECOMMENDATION - 4

petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute).

As Petitioner did not timely file his Petition and his PRP did not toll the limitations period, his Petition is time-barred. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is filed after expiration of the statute of limitations).

B. *Equitable Tolling*

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner argues his Petition is timely because he did not have access to law library to exhaust his claims from November 2022 through May 2023. Dkt. 41. However, Petitioner has not adequately explained how in inability to access the law library impeded his ability to initiate a PRP or file a federal habeas action. To initiate a PRP or federal petition, Petitioner needed only to file the petition with his grounds for relief. *See Ford v. Pliler,* 590 F.3d 782, 790 (9th Cir.2009) (finding that a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them."). Additionally, Petitioner's sentence and judgment became final, at the latest, in March of 2022. Petitioner provides no explanation for why he did not attempt to access the law library from April through October 2022 or why it took approximately sixteen months

REPORT AND RECOMMENDATION - 5

after he regained access to file his PRP. Therefore, Petitioner has not shown a six-month delay in accessing the law library warrants tolling the limitations period.[2]

Next, Petitioner argues that he needed to obtain discovery so that he could exhaust his claims and he was unable to obtain the necessary discovery within one year. Dkt. 41. While Petitioner is required to exhaust his claims with the state courts, Petitioner has failed to show how the inability to obtain discovery *prior* to initiating a PRP or this federal case impeded his ability to file the case. Further, it does not appear that his ability to obtain evidence was beyond his own delayed efforts. For example, Petitioner submits evidence that he attempted to obtain the alleged evidence in December of 2025, well after the expiration of the limitations period. *See* Dkt. 41 at 40, 79, 84. Petitioner could have attempted to obtain the discovery before and after initiating a PRP or federal petition. Therefore, Petitioner has not shown his own inability to obtain evidence warrants tolling the limitations period.

In summation, Petitioner has not shown he pursued his rights diligently and some extraordinary circumstance stood in his way. Therefore, Petitioner fails to show he is entitled to equitable tolling.

C.  *Actual Innocence*

The statute of limitations is subject to an actual innocence exception. *See Schlup v. Delo*, 513 U.S. 298 (1995). In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" 513 U.S. at 314–15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence

---

[2] The limitations period expired on March 29, 2023. If the Court granted Petitioner an extra six months to file, the limitations period would have expired September 29, 2023. Petitioner did not file a PRP until September 27, 2024 or this federal Petition until July 24, 2025. Thus, it appears that, even if the Court tolled the limitations period for six months, the Petition would still be untimely.

REPORT AND RECOMMENDATION - 6

must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

A "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Under *Schlup*, Petitioner is required "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. The habeas court must then "consider all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (quoting *Schlup*, 513 U.S. at 329).

Here, Petitioner states he discovered new evidence that shows he is actually innocent. Dkt. 41. Petitioner states he has discovered evidence that was not introduced at trial which he asserts showed he struck the victim once. *Id*. He states evidence during trial showed the victim was struck three times. *Id*. Petitioner contends this shows he acted in self-defense, he is actually innocent, and this evidence must be presented to a new jury during a re-trial. It is unclear when he discovered new evidence, if the evidence is truly new, and if the evidence was submitted at trial. *See* Dkt. 41. The Court notes that, at trial, Petitioner's counsel presented evidence and argument that Petitioner acted in self-defense. *See* Dkt. 38. However, evidence was also presented to the jury showing Petitioner did not need to defend himself. *See* Dkt. 38-7 at 751. A witness testified the victim did not swing a chain or weapon, there was no fight, and the victim did not have weapon that he was using against Petitioner. *Id*. at 752. Rather, the witness stated

REPORT AND RECOMMENDATION - 7

Petitioner struck the victim after the victim moved to stand in a different spot, the victim fell to the ground after one hit, and the victim looked dead. *Id*. at 753-54. The witness testified Petitioner continued to hit the victim with the hatchet. *Id*. Further, during closing arguments, Petitioner's counsel emphasized there were significant blows but only one major wound resulting in the death. *Id*. at 1287. Thus, it appears evidence was submitted showing only one hit resulted in the fatality. Petitioner has not sufficiently shown that it is more likely than not that no reasonable juror would have convicted him in the light of the alleged new evidence showing the victim was killed by only one strike.

The Court finds Petitioner has not shown there is new evidence that meets the standard set forth in *Schlup*, in that, the evidence is not so strong this Court does not have confidence in the outcome of the trial. Therefore, Petitioner has not shown he is actually innocent and does not overcome the time-bar.

D.  *Conclusion*

The Court finds Petitioner did not timely file the Petition. Petitioner has not shown he is entitled to equitable tolling or that the time-bar should be excused because he is actually innocent. Accordingly, the Court finds the Petition is untimely and should be dismissed.

**III.    Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

REPORT AND RECOMMENDATION - 8

entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## IV.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V.    Conclusion

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Furthermore, Petitioner has not presented sufficient evidence to show he is actually innocent to overcome the time-bar. Therefore, the Petition is barred by the

REPORT AND RECOMMENDATION - 9

one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 24, 2026**.

Dated this 3rd day of March, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10