UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

                    Petitioner,

        v.

STATE OF WASHINGTON,

                    Respondent.

CASE NO. C25-5659 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David Christel's Report and Recommendation (R&R), Dkt. 45, recommending the Court deny pro se petitioner Ryan Adams § 2254 habeas petition as time barred, and dismiss the case with prejudice.

In 2019, Adams was convicted of second degree murder and sentenced to 264 months in state prison. He appealed and was resentenced to 240 months in February 2022. *Id*. at 3–4. He did not directly appeal within 30 days. The state argued, and the R&R concludes, that AEDPA's one year limitations period expired after the judgment became final, or March 29, 2023. Adams did not file this habeas action until July 24, 2025—more than a year too late, unless the limitations period was tolled.

ORDER - 1

The R&R concluded that equitable tolling did not apply because Adams had not shown any extraordinary circumstances that were the but for and proximate cause of his untimeliness. Dkt. 45 at 5 (citing *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005)). It also concluded that Adams had not provided "new evidence" that he was actually innocent, noting that Adams claimed he acted in self defense at trial. *Id.* at 8. The R&R concludes that Adams' § 2254 habeas petition is untimely, and that no evidentiary hearing is necessary. Finally, it concludes that Adams is not entitled to a §2253(c) certificate of appealability.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court must "review the Magistrate Judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing § 636(b)(1)(C)). A proper objection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States*

*v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Adams filed two sets of objections, Dkts. 46 and 47, and the Court has reviewed his second, amended set. It is 78 pages long. It contends that COVID-19 restrictions on his law library access were extraordinary circumstances warranting tolling the AEDPA limitations period. Adams argues that he is actually innocent because he acted in self-defense, emphasizing he killed his victim with one blow of a hatchet, not the three blows described by the sentencing judge. Dkt. 47 at 58.

The Court agrees with the R&R's analysis on these points. A "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). Petitioner is required "to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. Adams has pointed to no such new evidence. *See* Dkt. 45 at 6–8.

ORDER - 3

The R&R, Dkt. 45, is **ADOPTED**. Adams' §2254 habeas petition is **DENIED** and this matter is **DISMISSED**. For the reasons articulated in the R&R, Adams is not entitled to a certificate of appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 21st day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4